**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **DAMIEN HATCHETT,** | ) | |
|     **Plaintiff,** | ) | **Civil Action No. 7:12-cv-00138** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MAJOR WITCHER, et al.,** | ) | **By: Norman K. Moon** |
|     **Defendants.** | ) | **United States District Judge** |

Plaintiff, Damien Hatchett, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his rights by placing him in a segregation unit at Danville Adult Detention Center. Upon review of his complaint, the court finds that Hatchett has failed to state a claim of constitutional magnitude and, therefore, dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**I.**

To the extent Hatchett asserts that his confinement in the segregation unit constitutes cruel and unusual living conditions in violation of the Eighth Amendment, it fails. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. "To the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions.

---

[1] To the extent Hodnett seeks restoration of his good time credits, which is an attack of the fact or duration of confinement, such a claim is remediable by a petition for writ of habeas corpus and is not cognizable in a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 487(1973); see generally, Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions).

Wilson v. Seiter, 501 U.S. 294 (1991).  A plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health.   Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).  While Hatchett's segregation conditions may be inconvenient, uncomfortable, and restrictive, he has not alleged anything to suggest that the conditions violate contemporary standards of decency.  Nor has Hatchett alleged that his confinement conditions have caused a serious or significant injury or created a risk of future injury.  Therefore, the court finds that Hatchett has failed to state a constitutional claim under the Eighth Amendment.

## II.

To the extent Hatchett claims that his confinement in the segregation unit constitutes a violation of his due process rights under the Fourteenth Amendment, it also fails.  To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action.   Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997).  Further, although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison."  Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).  Further, prisoners generally do not have a constitutionally

2

recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison or at a particular security classification.  Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976).  Inasmuch as Hatchett's assignment to the segregation unit does not impose an atypical and significant hardship on him, the court finds that Hatchett's due process claim fails.

### III.

For the stated reasons, Hatchett's action is dismissed for failure to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).[2]

**ENTER**:  This 28th day of March, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, it appears that Hatchett has failed to exhaust his claims prior to filing this action.  See 42 U.S.C. §1997e(a).

3